```
                                                                    FILED
IN THE UNITED STATES DISTRICT COURT  UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW MEXICO  ALBUQUERQUE, NEW MEXICO

                                                              JAN 2 9 1999
```

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

              CLERK

v.                                      No. CIV-98-0794 LH/DJS
                                         CR-97-152 LH

VICTOR L. MONTOYA,

    Defendant/Movant.                    ENTERED ON DOCKET
                                                1/29/99

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Defendant's motion for early release, which was treated administratively as a motion under 28 U.S.C. § 2255. The motion asks that the Court order Defendant placed in a halfway house or under home confinement for the remainder of his term of imprisonment. As grounds, the motion alleges Defendant has accepted the consequences of his actions and describes a number of family concerns. The motion will be denied.

The Court's authority to modify a sentence is limited to specific statutory authorization, *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.), *cert. denied*, --- U.S. ---, 118 S.Ct. 393 (1997); *United States v. Blackwell*, 81 F.3d 945, 947-49 (10th Cir. 1996), and the motion is not brought under any of the applicable statutory provisions. A motion for reduction of sentence based on medical condition, for example, is contemplated only by 18 U.S.C. § 3582(c)(1)(A), and can only be brought by the Director of the Bureau of Prisons. *Smartt*, 129 F.3d at 541.

Furthermore, no matter how sympathetic a plea of changed circumstances may be, home confinement under § 5F1.2 of the United States Sentencing Guidelines may not be considered as an



alternative sentence during a valid prison term. *Moresco v. United States*, 982 F.2d 529 (Table, text in Westlaw), 1992 WL 372399, at *2 n.3 (10th Cir. 1992); *cf. Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469-70 (10th Cir. 1992) (BOP has discretion as to pre-release home confinement), *cert. denied*, 510 U.S. 830 (1993); *and cf. United States v. Maples*, 95 F.3d 35, 37 (10th Cir. 1996) (§ 5K2.0 factors considered as a discretionary matter at sentencing), *cert. denied*, --- U.S. ---, 117 S.Ct. 716 (1997). Because the Court has no authority to grant the relief sought by Defendant, the motion for early release will be denied.

IT IS THEREFORE ORDERED that the motion for early release is hereby DENIED, and this civil proceeding is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE